# Young v. Builders & Manufacturers Supply Company et al.

*W. N. Conrad* and *B. R. Coppolo*, for plaintiff.

*Henry Hipple* and *James H. Thompson*, for defendants.

BAIRD, P. J., January 4, 1935.—The plaintiff in a bill in equity has filed preliminary objections to the answer, and we are in receipt of briefs of counsel, oral argument having been waived.

There are eight of these objections, all to the same effect, except the eighth.

Objections 1 to 7, inclusive, are that paragraphs 8(a) and (c), 9(c), 10(b), 11(b), 12, and 13 of the answer contain new matter in addition to the answer which should be specifically set forth in separate paragraphs under the heading of new matter, so that plaintiff may have an opportunity to make answer thereto.

The eighth of the preliminary objections is that paragraph 15(b) of the answer contains a duplication of new matter set forth in paragraphs 17, 18, and 19, and therefore should be eliminated from the answer. The new matter contained in paragraphs 17, 18, and 19 is a counterclaim of the defendant, Builders & Manufacturers Supply Company, against the plaintiff, and is set forth under that specific heading.

There is nothing either in the objections themselves, or in the brief of counsel for plaintiff, to indicate under what rule or rules of equity practice the objections are filed, but we take it they are filed under Rule 48, a portion of Rule 52, and Rule 55, with cross-reference to Rule 48 of the Rules of Equity Practice promulgated by the Supreme Court. Rule 48 provides that the defendant may preliminarily object to the bill for one or more of the following reasons:

"(1) that it is defective for want of specifically named parties; (2) that all of the plaintiffs are not interested in all the causes of action set forth; (3) that the liability for all the causes of action set forth cannot be asserted against all the material defendants, and that no adequate reason appears why those causes should be joined in order to promote the convenient administration of justice; (4) that the bill contains impertinent, irrelevant or scandalous matter, specifically quoted; (5) that the facts are so insufficiently averred, specifying which thereof, that it is impossible for defendant to make an adequate answer to plaintiff's claim, or, if discovery is sought, to know to what extent it is desired; (6) that upon the facts averred plaintiff has a full, complete and adequate remedy at law; (7) that, for any other reason, defendant should not be required to answer the facts averred, since he has a full and complete defence to plaintiff's claim, specifically stated, which does not require the production of evidence to sustain it."

Rule 55 is as follows:

"If defendant's answer, or plaintiff's reply to new matter therein, is defective or insufficient for any of the reasons specified in Rule 48, objections may be

made thereto, and like proceedings had, like orders made, and like penalties imposed, as under the same character of objections to the bill."

It is too plain for argument that none of the objections to the answer comes within any of the reasons specified in Rule 48.

The applicable part of Rule 52 is as follows:

"After fully answering the allegations of the bill, defendant *may* under the specific heading "New Matter", aver such additional facts, having a direct relation to any of the causes of action set forth in the bill, as he believes will entitle him to affirmative relief against plaintiff, and such other facts as may tend to invalidate an anticipated defense on plaintiff's part; and, either with or without setting forth additional facts, may pray such relief as he shall deem himself entitled to under the pleadings. To the additional facts, if any, he *may* require plaintiff to reply within fifteen days after service of the answer, under penalty of having an order, as of course, entered by defendant, that they be taken as admitted, with like exceptions as in the case of an answer to the bill."

This rule does not require the defendant to aver "such additional facts" as are therein indicated, under the specific heading "new matter", but leaves it to his discretion whether or not he shall do so. The rule is permissive merely and imposes no obligation on the defendant to set forth new matter under that specific heading. In this respect, this rule differs from the Practice Act of May 14, 1915, P. L. 483, relating to the practice in actions of assumpsit and trespass, as amended by the Act of April 22, 1929, P. L. 627, which makes it compulsory on the part of defendant to set out his new matter under that specific heading. Section 2 of the latter act, amending section 14 of the original act, provides:

"When a defendant relies upon a set-off, counter-claim, or new matter, he *must* first answer the averments of the statement of claim, and *then* set out his set-off, counter-claim, or new matter, under the heading 'Set-off,' 'Counter-claim,' or 'New Matter,' as the case may be."

Under Equity Rule 52 the defendant may, if he chooses, under the specific heading "new matter", aver additional facts which he believes "will entitle him to affirmative relief . . . , and such other facts as may tend to invalidate an anticipated defense on plaintiff's part", and if he pursues this course "he *may* require plaintiff to reply . . . under penalty of having an order, as of course, entered by defendant, that they be taken as admitted, with like exceptions as in the case of an answer to the bill", but if he does not choose to pursue this course and does not set forth his new matter under that specific heading, thereby waiving a reply thereto by plaintiff, the latter has nothing about which to complain. The purpose of the rule is not that the plaintiff may have an opportunity to reply to alleged new matter, but that the defendant may require him to do so if he elects to take advantage of it. The choice lies with the defendant.

In the view we take of the matter, we are not required to decide whether the answer contains new matter other than that placed under that specific heading. It may be that it does contain other matter that might have been so placed, but if so its placement, whether under the heading "new matter" or elsewhere in the answer, was a matter for the defendants to decide when they prepared their pleading.

Now, January 4, 1935, all the objections are dismissed, and the plaintiff is required to reply to the "new matter" contained in paragraphs 17, 18, and 19 of the answer within 15 days, under the penalty prescribed by Equity Rule 52.

From John H. Cartwright, Ridgway, Pa.